Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence MODIFIES IN PART and AFFIRMS IN PART the Opinion and Award of the Deputy Commissioner as follows:
The following were entered into by the parties at the hearing before the Deputy Commissioner as
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at all relevant times.
3. Defendant Town of Atlantic Beach is a qualified self-insured and the N.C. League of Municipalities is the administrator for this claim.
4. Plaintiff's average weekly wage at the time of the alleged injury was $344.20, yielding a compensation rate of $229.58.
5. The date of plaintiff's alleged injury was April 23, 1995.
6. The parties stipulated a packet of medical records into the record.
7. The issues to be resolved are:
 a. Did plaintiff sustain an injury to his left knee by accident, arising out of and within the scope and course of his employment, pursuant to N.C. Gen. Stat. § 97-2(6)?
b. If so, to what benefits is plaintiff entitled?
 c. Did plaintiff give proper notice of his alleged injury pursuant to N.C. Gen. Stat. § 97-22?
 ***********
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On April 23, 1995, plaintiff was employed by the Town of Atlantic Beach as a police officer.
2. On that date, plaintiff was attempting to effect an arrest of a suspect who had been involved in a fight at a bar called Shooters. The suspect resisted plaintiff's attempt to arrest him and a struggle ensued whereby plaintiff and the suspect fell with the suspect landing on top of plaintiff. Several other people present became involved and they also fell on top of plaintiff and the suspect. The fall caused plaintiff to sustain injuries to his back, left shoulder, neck, little finger on his right hand, and left knee and leg.
3. Plaintiff gave timely notice of a workers' compensation claim to the Town of Atlantic Beach.
4. According to Sgt. Almeda Rouse, the records technician at the Town of Atlantic Beach Police Department, she completed a workers' compensation report for plaintiff April 24, 1995 which she filed with the Industrial Commission October 25, 1996, documenting the fact that plaintiff suffered on-the-job injuries on April 23, 1995. The report listed as nature and location of plaintiff's injuries: his back, shoulder, neck and little finger. The evidence is conflicting as to whether plaintiff reported an injury to his knee.
5. Plaintiff first sought medical treatment from Dr. Richard A. Bloomfield on April 24, 1995, the day after the accident. At that time, plaintiff was examined by Mr. Bruce L. Bair, a physician's assistant. The medical records noted that plaintiff complained of low back and left shoulder pain. The medical records further indicate that plaintiff reported twisting on his left leg as he fell backward with the weight of his assailant on top of him. There was no mention in the medical records of a knee injury; however, plaintiff testified that he did report a knee injury to Mr. Bair. Plaintiff was taken out of work for three days.
6. The testimony of other police officers supports a finding that plaintiff sustained a knee injury on April 23, 1995. Sgt. Stephen J. Ouert, who arrived on the scene after the plaintiff's assailant was arrested on April 23, 1995, remembered that plaintiff complained of a knee or leg injury after the incident. Cpl. Thomas Gabbard who also reported to the scene of the arrest testified that plaintiff was limping when he arrived. Cpl. Joseph Rufra, who also arrived at the scene immediately after the arrest incident, heard plaintiff complain of a knee injury and observed that plaintiff was limping later that evening.
7. On April 23, 1995 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer, resulting in an injury to his back, left shoulder, neck, right hand, left knee, and left leg. Plaintiff's injuries resolved and he sought no treatment after April 24, 1995 for these injuries.
8. Plaintiff reported a back injury to Dr. Bloomfield on April 3, 1996 occurring a week prior.
9. On August 14, 1996, plaintiff presented to Dr. Bloomfield's office and reported that he had experienced left knee pain for the previous three months. Mr. Michael S. Etter, a family nurse practitioner, saw plaintiff on that occasion and diagnosed "possible chondromalacia".
10. Thereafter, on August 21, 1996, plaintiff presented to Dr. M. Boehm at the Cherry Point Naval Hospital seeking medical treatment for his left knee. At that time, plaintiff reported that he had sustained an injury to his left knee several months previously when involved in an altercation and that he was treated at Carteret General Hospital.
11. Based upon the greater weight of the evidence, plaintiff's left knee injury did not cause any disability. Plaintiff first sought treatment for a left knee problem on August 14, 1996.
12. There is no medical evidence which causally relates plaintiff's knee problems for which he first sought treatment on August 14, 1996 to his injury by accident on April 23, 1995. No deposition testimony was presented from Dr. Bright, nor does the record contain the medical records from Dr. Bright.
13. Plaintiff's injury by accident resulted in the need for medical treatment on April 24, 1995 only. Any medical treatment received by plaintiff for his knee after April 24, 1995 was not casually related to his injury by accident of April 23, 1995.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident, arising out of and in the course of his employment on 23 April 1995. N.C. Gen. Stat. § 97-2(6). As a result of his injury by accident, plaintiff sustained injuries to his back, neck, left shoulder, left leg and knee.
2. Plaintiff's injuries required medical treatment on April 24, 1995 only, but did not result in any disability lasting more than seven days.
3. Plaintiff gave defendant-employer proper notice of his alleged injuries arising out of and within the scope and course of his employment on 23 April 1995 pursuant to N.C. Gen. Stat. § 97-22.
4. Plaintiff is entitled to have defendant-employer pay for medical expenses incurred on April 24, 1995 only. The medical treatment received by plaintiff after April 24, 1995 was not related to his injury by accident of April 23, 1995.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Defendant-employer shall pay for plaintiff's medical expenses incurred on April 24, 1995.
2. Plaintiff's claim for workers' compensation indemnity benefits due to disability is DENIED.
3. Defendant shall pay the costs.
 S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _____________________ THOMAS J. BOLCH COMMISSIONER
S/ _____________________ CHRISTOPHER SCOTT COMMISSIONER